UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X



ANTHONY SALVADOR JASPER                    :
(CITIZENSHIP - U.S. ABROAD),               :
                                           :
            Plaintiff,                     :
                                           :        **ORDER OF DISMISSAL**
        -against-                          :
                                           :        08 Civ. 7472 (LAP)
THE FOURTH COURT OF APPEALS                :
(CITIZENSHIP-TEXAS) (TOGETHER              :
AND IN THEIR INDIVIDUALS                   :
CAPACITY)(IN IT'S FULL CHAIR &             :
CAPACITY); CATHERINE STONE;                :
SARAHA B. DUNCAN; ALMA L.                  :
LOPEZ; KATHERINE ANGELINI;                 :
AND OTHER JUSTICES...(CITIZENSHIP          :
-TEXAS)(TOGETHER IN THEIR                  :
INDIVIDUALS CAPACITY)(IN IT'S              :
FULL CHAIR & CAPACITY); AND                :
OTHER JUSTICES; BEXAR COUNTY               :
APPELATE PUBLIC DEFENDERS                  :
OFFICE; MICHAEL D. ROBBINS;                :
ANGELA J. MOORE (CITIZENSHIP-              :
TEXAS)(TOGETHER AND IN THEIR               :
INDIVIDUALS CAPACITY)(IN IT'S              :
FULL CHAIR & CAPACITY),                    :
                                           :
            Defendants.                    :
--------------------------------------------------------------X

        The Court dismissed this *pro se* complaint on January 23, 2009, having never received

plaintiff's application for leave to proceed *in forma pauperis*. In a motion for reconsideration,

plaintiff claimed that he had filed the requisite application. In light of plaintiff's assertion, the

Court reopened the action and directed plaintiff to file another *in forma pauperis* application,

which he has done.

        Plaintiff sets forth claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, arising out of

events that occurred in Texas between October 2005 through June 2006. According to plaintiff,

defendants conspired to violate his constitutional rights during criminal proceedings that resulted

in his conviction and incarceration. Specifically, plaintiff asserts that he was not admonished

about "the dangers and disadvantages of self-representation as mandated by the United States

Constitution," and was denied the right to counsel. In addition, plaintiff sets forth myriad trial

errors, and asserts that defendants improperly "stack[ed]" a "fine on top of his maximum

sentence, which is void and not authorized by law." Plaintiff asserts that defendants have caused

him physical, emotional, and monetary harm. The named defendants are the Fourth Court of

Appeals in Texas as well as named and unnamed justices of that court, the Bexar County

Appellate Public Defenders Office, and two of its employees. Plaintiff seeks declaratory,

injunctive, and equitable relief. Plaintiff's application to proceed *in forma pauperis* is granted,

however, for the following reasons, the complaint is dismissed.

Discussion

Section 1983 Claims

The Court liberally construes this complaint as asserting that plaintiff was denied his

constitutional right to a fair trial. See Haines v. Kerner, 404 U.S. 519, 520-21 (1974) (*per

curiam*). A § 1983 claim for the violation of the due process right to a fair trial is, "in essence, 'a

claim for damages attributable to an unconstitutional conviction.'" Jovanovic v. City of New

York, No. 04 Civ. 8437 (PAC), 2006 WL 2411541 at *12 (S.D.N.Y. Aug.17, 2006) (citing Heck

v. Humphrey, 512 U.S. 477, 489-90 (1994)); Perez v. Cuomo, No. 09 Civ. 1109, 2009 WL

1046137 at *7 (E.D.N.Y. Apr. 17, 2009). However, "in order to recover damages for [an]

allegedly unconstitutional conviction ... or for other harm caused by actions whose unlawfulness

would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction

or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by

a state tribunal ..., or called into question by a federal court's issuance of a writ of habeas

2

corpus." Heck, 512 U.S. at 486-87; Jude v. State of New York, No. 07 Civ. 5890 (RJS), 2009 WL 928134 at *6-7 (S.D.N.Y. 2009).  Since plaintiff's conviction remains valid, plaintiff's fair trial claim is not cognizable under § 1983, and it must be dismissed as to all defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's Failure to Name Proper Defendants

The Court

Section 1983 imposes liability on any person who, under color of state law, "deprives a person of any rights, privileges, or immunities secured by the Constitution and laws."  K & A Radiologic Tech. Servs., Inc. v. Comm'r of Dep't of Health, 189 F.3d 273, 280 (2d Cir. 1999) (internal citations omitted).  The Fourth Court of Appeals is not a "person" for purposes of § 1983 liability.  See Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) (quoting Hafer v. Melo, 502 U.S. 21, 26 (1991)); Abrahams v. Appellate Div. of Supreme Court, 473 F. Supp.2d 550, 556 (S.D.N.Y. Feb. 7, 2007) (citing Mathis v. Clerk of First Dep't, Appellate Div., 631 F. Supp. 232, 234-35 (S.D.N.Y. 1986)); Zuckerman v. Appellate Division, Second Dept., Supreme Court of State of N.Y., 421 F. 2d 625, 626 (2d Cir. 1970).  The Fourth Court of Appeals is a state agency and, therefore, immune from suit for money damages under the Eleventh Amendment. See Talib v. Gilley, 138 F.3d 211, 213 (5 Cir. 1998); Esteves v. Brock, 106 F.3d 674 (5th Cir. 1997); Neighbors v. Texas, No. 08 Civ. 677, 2009 WL 928615 at *1 (N.D. Tex. Apr. 7, 2009). Accordingly, plaintiff's claims against the Fourth Court of Appeals must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

Public Defenders

To state a Section 1983 claim, plaintiff must allege that the unconstitutional conduct was attributable, at least in part, to a person acting under the color of state law.  "The traditional

3

definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988). Absent special circumstances suggesting concert of action between an attorney and a state representative, see Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995); Fries v. Barnes, 618 F.2d 988, 990-91 (2d Cir. 1980), the representation of a defendant by a defense attorney in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983 even if that attorney is employed as a public defender. See Georgia v. McCollum, 505 U.S. 42, 53-54 (1992) ("a public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant") (explaining Polk County v. Dodson, 454 U.S. 312 (1981)); see Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) (court-appointed attorneys do not act under color of state law, and therefore, are not liable under § 1983); Housand v. Heiman, 594 F.2d 923, 924-25 (2d Cir. 1979) (*per curiam*). Accordingly, to the extent plaintiff is raising 1983 claims against two public defenders and their office, the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Judges

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991); Gotbetter v. Wendt, No. 08 Civ. 4868 (RMB), 2008 WL 5147036 at *3 (S.D.N.Y. Dec. 3, 2008). "The absolute immunity of a judge applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)). Judicial immunity is overcome in only

4

two situations. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11 (citations omitted); Sylvester v. Sorrell, No. 08 Civ. 88, 2009 WL 819383 at *3 (D. Vt. Mar. 25, 2009); Perez, 2009 WL 1046137 at *4. To the extent plaintiff alleges any wrongdoing on the part of judges for their conduct in connection with his criminal proceedings, their actions were performed in their judicial capacities, and plaintiff's claims are foreclosed by absolute immunity and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

## Conspiracy Claims

To state a civil rights conspiracy under § 1985(3), plaintiff must allege: 1) a conspiracy; 2) for the purpose of depriving any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. See Britt v. Garcia, 457 F.3d 264, 270 (2d Cir. 2006). The mere assertion of racial motivation, however, is not sufficient to state a conspiracy claim. See Posr v. Court Officer Shield No. 207, 180 F.3d 409, 419 (2d Cir. 1999); Sash v. City of New York, No. 05 Civ. 1544 (DAB) (JCF), 2006 WL 2474874 at *8 (S.D.N.Y. 2006). A review of plaintiff's complaint shows that he makes no allegations that defendants' actions were racially motivated.[1]

In any event, claims of conspiracy that are vague and provide no basis in fact must be

---

[1] Racial animus is also a necessary element of a Section 1981 claim. See Brown v. City of Oneonta, 221 F.3d 329, 339 (2d Cir. 2000); Bishop v. Toys "R" US-NY, LLC, No. 04 Civ. 9403 (PKC), 2009 WL 440434 at *5 (S.D.N.Y. Feb. 19, 2009). The absence of any such allegations also compels dismissal of plaintiff's § 1981 claim.

5

dismissed. See Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (dismissing in part

because claims were "unsupported, speculative, and conclusory") (internal quotation marks

omitted); Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993) ("A complaint containing only

conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights

cannot withstand a motion to dismiss.") (citations and internal quotation marks omitted); Zemsky

v. City of New York, 821 F.2d 148, 151 (2d Cir. 1987) ("[A] pro se complaint 'containing only

conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional

rights cannot withstand a motion to dismiss.'") (citation omitted). Plaintiff's claims that

defendants conspired to violate his constitutional rights during his criminal proceedings are

vague, conclusory, and unsupported, and therefore must be dismissed. See 28 U.S.C. §

1915(e)(2)(B)(ii).

Venue

Finally, it does not appear that this Court would be the proper venue for any action that

plaintiff might bring regarding his Texas arrest. Pursuant to 28 U.S.C. § 1391, a 42 U.S.C. §

1983 complaint may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants
> reside in the same State, (2) a judicial district in which a substantial
> part of the events or omissions giving rise to the claim occurred, or
> a substantial part of the property that is the subject of the action is
> situated, or (3) a judicial district in which any defendant may be
> found, if there is no district in which the action may otherwise be
> brought.

§ 1391(e); see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The complaint fails to

allege that any of the underlying events occurred within the Southern District, nor are any of the

defendants located here. See 28 U.S.C. § 112(b) (listing the counties within this Court's

jurisdiction). Venue in this District would therefore be improper under 28 U.S.C. § 1391.

6

Because the complaint lacks merit, however, the Court declines to transfer it in the interest of justice.[2] 28 U.S.C. §§ 1391(b), 1406(a).

### Conclusion

Based on the foregoing, the complaint is dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

LORETTA A. PRESKA
United States District Judge

Dated: MAY 1 8 2009
New York, New York

---

[2]Plaintiff is no stranger to federal court. See e.g. Jasper v. Kirkwood, No. 09 Civ. 95 (W.D. Tex. Mar. 16, 2009) (report and recommendation issued recommending dismissal of action as "frivolous" and warning plaintiff against filing actions that lack merit); Jasper v. City of San Antonio Police Dep't, et al., No. 08 Civ. 857 (W.D. Tex. Dec. 16, 2008) (adopting report and recommendation characterizing action as "frivolous" and plaintiff as "litigious"); Jasper v. Sauer, et al., No. 08 Civ. 2678 (W.D. Tex. Jan. 14, 2009)(dismissed as frivolous); Jasper v. Ireland, et al., No. 07 Civ. 5206 (D. N.J. Feb. 20, 2008) (dismissed as frivolous); Jasper v. Vilankulu, et al., No. 06 Civ. 928 (W.D. Tex. Mar. 8, 2007) (dismissed for lack of subject matter jurisdiction). This list is not exhaustive.